OPINION. Tietjens, Judge: We are not here concerned with the usual family partnership problem which could be solved by applying the principles of Commissioner v. Culbertson, 337 U. S. 733. The problem in this case is not primarily the validity or bona fides of the partnership. Rather, it is whether respondent, in determining the taxable income of petitioner, properly attributed to him the share of the partnership profits distributed to petitioner’s brother Milton. That question is not answered, as respondent apparently contends, by determining whether or not Milton was a bona fide partner in Principal during the taxable year. If that were the crucial issue, we might agree with respondent, that Milton was not such a partner. But, as we view the case, that would not necessarily mean that petitioner should be taxed with Milton’s distributive share of the partnership profits. How much Milton was to get from the partnership did not depend on petitioner. He had no real control over the business at all. At most, be was merely a bookkeeper. His capital contribution was furnished by his father who, .although not a named partner, was in fact the vital force in the partnership so far as the Bromberg family was concerned. From their standpoint it was really the father, through his capital, his business connections, his services, all placed at the disposal of Principal because of his desire to see his sons succeed, who produced the partnerhip income. It was at the father’s insistence that Milton shared in the business. He virtually dictated the share Milton was to have. Petitioner acquiesced. Had he not done so, the father would have withdrawn his capital from the business and the partnership would have been liquidated. We can not see how either petitioner’s capital or his inconsequential services produced the partnership income distributed to his brother Milton. He-had no control over that income and we hold it was error for respondent to tax petitioner with it. Cf. Clifford R. Allen, Jr., 12 T. C. 227; R. F. Odle, 12 T. C. 201. On the issue of the claimed deduction of $3,155 in 1943, neither the facts nor petitioner’s theory is clear. It appears that in 1941 and 1942 Jacques Cipoth had drawn $6,310 from Principal which had not been considered an operating expense. As part of the new partnership arrangement in 1943 petitioner agreed to assume half the amount and in July of that year an adjustment on the books was made by debiting $3,155 from the capital account of petitioner and crediting it to the capital account of Cipoth. We are unable to see how these transactions resulted in a deduction for petitioner in 1943. They might have been treated as business expenses of the partnership in the previous years, cf. Augustine M. Lloyd, 15 B. T. A. 82, hut even that conclusion would be difficult to reach on the meagre facts we have before us. We hold petitioner has not shown that he is entitled to a deduction of $3,155 in 1943. Decision will he entered wider Buie 50.